# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Margaret M. Melillo and Keith Melillo,

        Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 10-3392 ADM/LIB

GMAC Mortgage, LLC and Green Tree Servicing LLC,

        Defendants.

___

Keith Melillo and Margaret M. Melillo, pro se.

Molly Borg Thornton, Esq., Brent R. Lindahl, Esq., and Richard G. Mark, Esq., on behalf of Defendant Green Tree Servicing LLC.

___

## I. INTRODUCTION

On December 22, 2010 the undersigned United States District Judge heard oral argument on Defendant Green Tree Servicing LLC's ("Green Tree") Motion to Dismiss [Docket No. 7]. Keith and Margaret M. Melillo (the "Melillos") oppose the motion. For the reasons set forth below, the Motion is granted.

## II. BACKGROUND[1]

The Melillos own a home in Faribault, Minnesota. The home is subject to a mortgage loan in Margaret M. Melillo's name. Compl. [Docket No. 1] ¶ 8. Prior to March 2010, the mortgage was serviced by GMAC Mortgage, LLC ("GMAC"). See Compl. ¶ 9. In 2009, the Melillos negotiated a loan modification with GMAC for their home mortgage loan. Compl. ¶ 7;

___

[1] In considering Defendants' Motion to Dismiss, the Court takes the facts alleged in Plaintiffs' Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Pls.' Mem. in Opp. to Mot. to Dismiss [Docket No. 23] ¶ 1. In March 2010, the Melillos negotiated another loan modification with GMAC. Compl. ¶ 9. Before that modification was finalized, the Melillos were informed by GMAC that their mortgage was being transferred to Green Tree. See Compl. ¶ 9. On May 17, 2010, Green Tree sent the Melillos a letter informing them that the transfer of their mortgage servicing to Green Tree became effective on May 3, 2010. Degneau Aff. [Docket No. 11] Ex. 2. Beginning in March 2010, the Melillos repeatedly attempted to contact Green Tree regarding the loan modification negotiated with GMAC but were unable to do so until June 2010. Compl. ¶¶ 9-10. The Melillos also attempted to pay Green Tree pursuant to the loan modification, but the payments were refused. Pls.' Mem. in Opp. to Mot. to Dismiss, Ex. "Attached sheet to complaint." In June 2010, the Melillos finally spoke with a Green Tree representative who promised to send new loan modification documents to them. Compl. ¶ 10. The Melillos never received modification documents from Green Tree. Compl. ¶ 10.

On July 15, 2010, the Melillos sent Green Tree a letter disputing charges to their account. Compl. ¶ 11. Green Tree claims that it responded to that letter on August 4, 2010 and provided a copy of that correspondence. Degneau Aff. Ex. 3. The Melillos also claim that Green Tree refused to agree to loan modification and threatened them with foreclosure if they did not escrow certain funds. Pls.' Mem. in Opp. to Mot. to Dismiss ¶¶ 2, 5. The loan modification with GMAC had similarly required escrow of funds. Compl. ¶¶ 7-8. Green Tree foreclosed on the property in September 2010. Pls.' Mem. in Opp. to Mot. to Dismiss ¶ 4.

The Melillos filed suit in federal court on August 9, 2010. By stipulation of the parties, GMAC was dismissed by Order dated December 2, 2010. Green Tree now moves to dismiss.

# III. DISCUSSION

## A. Pro Se Pleadings Standards

The Melillos are not represented by counsel in this matter. As such, they are entitled to have their Complaint "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). This does not mean, however, that a district court should assume facts in favor of a pro se litigant. Id. A pro se party must still allege facts that, if true, state a claim. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

## B. Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880.

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**C.      Melillos Have Failed to State a Claim Under RESPA**

The Melillos are not attorneys and do not specfically identify the legal claims that entitle them to relief. They state in their civil cover sheet that they are seeking to recover for "fraud, extortion, violation of RESPA law." They aver in the Complaint, "We are seeking two million dollars in punitive damages, mental anguish, conspiracy, fraud, and harassment." Construing the allegations of the Complaint and other documents, it appears that the thrust of the Melillos' case is that they did not receive a promised loan modification, money was not properly credited to their account, they were threatened with foreclosure, and they did not receive timely correspondence from Green Tree. Much of the Complaint, then, sounds in state law causes of action such as breach of contract, promissory estoppel, fraud, negligent misrepresentation, unjust enrichment, or abuse of process. Fraud as a claim is specifically mentioned in the Complaint and throughout the Melillos' letters. The only factual basis for a federal claim in the Complaint, however, is that Green Tree violated notice provisions of the Real Estate Settlement Procedures Act ("RESPA"). Because the disposition of the RESPA claim will be determinative here, it is the only claim specifically considered below.

Congress enacted RESPA to provide consumers with greater and more timely information regarding residential real estate settlement costs and services. See 12 U.S.C. § 2601(a). A requirement of RESPA is that the transferee of loan servicing provide notice to a borrower of any assignment, sale, or transfer of the loan servicing within fifteen days after the effective date of the transfer. 12 U.S.C. § 2605(c). RESPA also requires that a loan servicer respond to a "qualified written request" for account information from a borrower. The loan servicer must acknowledge the "qualified written request" within twenty business days and provide a written explanation of the account or correct the account information within sixty business days. 12 U.S.C. § 2605(e). Damages for violations of RESPA's timely notice requirements are limited to "actual damages" or up to $1,000 in cases of a pattern or practice of noncompliance. 12 U.S.C. § 2605(f)(1).

RESPA also has requirements concerning escrow accounts. RESPA limits the amount that a lender can request a borrower place in escrow to certain monthly costs plus a small cushion. 12 U.S.C. § 2609(a). Further, if loan servicing is transferred, a new servicer changing the escrow amount or accounting method must provide the borrower with certain information. 24 C.F.R. § 3500.17. Finally, RESPA requires servicers to make timely payments from escrow accounts. 12 U.S.C. § 2605(g).

In this case, the Melillo's RESPA claim must fail because no actual damages were sustained and they have not alleged a pattern or practice of noncompliance. As a matter of law, alleging only two violations of RESPA does not form a pattern or practice. McLean v. GMAC Mortgage Corp., 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009). Further, the Complaint requests $2,000,000 in punitive damages and for mental anguish and harassment. These types of

5

damages are not recoverable under RESPA. The Complaint does not allege any facts to support a finding that untimely notice of transfer, if any, or untimely response to the Melillo's qualified written request, if any, caused the Melillos to suffer any type of monetary loss. Keith Melillo was also unable to identify any such damages at oral argument. Furthermore, to the extent that the Melillos argue that the request for escrow violated RESPA, no facts have been alleged that the amount of escrow requested exceeded the statutory limits or that RESPA's escrow requirements were otherwise violated. In sum, the Complaint fails to allege facts that state a claim under RESPA. Therefore, the Melillo's RESPA claims are dismissed with prejudice.

**D.     Remaining State Law Claims**

This case is in federal court because of the allegations relating to RESPA, a federal law. See 28 U.S.C. § 1331. Although the Complaint lists a South Dakota address for Green Tree, Green Tree's principal place of business is in Minnesota. See Vitullo v. Mancini, 684 F. Supp. 2d 760, 761 (E.D. Va. 2010) (noting that Complaint drafted by counsel alleged that Green Tree Servicing LLC's principal place of business is in Minnesota); Smith v. Green Tree Servicing, LLC, Civil Action No. 2:09-CV-710, 2010 WL 1050350, *1 (S.D.W.Va. Mar. 18, 2010) ("Green Tree Servicing is a Minnesota corporation."); In re Green Tree Servicing LLC, 275 S.W.3d 592, 600 (Tex. App. 2008) ("Green Tree is a Delaware Corporation with its home office located in St. Paul, Minnesota."). As the Melillos are also residents of Minnesota, the Court does not have diversity jurisdiction over the fraud or other state law claims.

As the RESPA claims have now been dismissed, the Court has discretion under 28 U.S.C. § 1367(c) to dismiss any state law claims without prejudice so that they may be reasserted in a state forum. See, e.g., Gray v. Four Oak Court Ass'n, Inc., 580 F. Supp. 2d 883,

6

888 (D. Minn. 2008) (dismissing state law claims without prejudice pursuant to § 1367(c)). A liberal construction of the Complaint could find fraud or other state law claims such as breach of contract, promissory estoppel, negligent misrepresentation, unjust enrichment, or abuse of process. To the extent the Melillos assert any of those state law claims, they are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Green Tree's Motion to Dismiss [Docket No. 7] is **GRANTED**;

2. All claims alleged in the Complaint pursuant to RESPA are **DISMISSED WITH PREJUDICE**; and

3. Any and all claims alleged in the Complaint invoking state law are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 11, 2011.